IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | |
|---|---|
| Ronald O. Lee, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Case No. 3:05-cv-47 |
| Jo Anne Barnhart, ) | |
| Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

Before the court are Ronald O. Lee's (hereinafter "Lee," "plaintiff," or "claimant") Motion for Summary Judgment (Doc. #7) and the Commissioner of Social Security's ("Commissioner") Motion for Summary Judgment (Doc. #9). Because there is substantial evidence in the record as a whole supporting the Commissioner's final decision, the magistrate judge recommends that defendant's Motion for Summary Judgment (Doc. #9) be **GRANTED** and plaintiff's Motion for Summary Judgment (Doc. #7) be **DENIED.**

*<u>Background</u>*

Lee initiated this action under 42 U.S.C. § 405(g) seeking judicial review of the Commissioner's final decision, which denied his application for disability insurance benefits ("DIB"). Lee filed an application for benefits on October 11, 2002 (Transcript (hereinafter "Tr.") at 68-70). In his application, Lee alleges he became disabled on November 11, 1999. (Tr. at 68, 108). Lee's insured status expired on June 30, 2001. (Tr. at 21, 75, 117).

Lee was 56 years old at the time of the hearing. (Tr. at 502). He has a high school education and an associate college degree. (Tr. at 91, 114). He has past relevant work as truck

1

driver and credit manager. (Tr. at 109, 121-28). Lee alleges he is disabled as a result of a back injury he suffered in a work-related accident on November 10, 1999. (Tr. at 502, 152-54). Following an administrative hearing, the Administrative Law Judge (ALJ) held Lee was not disabled within the meaning of the Act. (Tr. at 21-33). The ALJ also denied Lee's request to reopen a previous application for benefits filed on March, 18, 2002. (Tr. at 22, 32). The Appeals Council denied review, and ALJ's decision became the final decision of the Commissioner. (Tr. at 6-10). Lee seeks judicial review of the Commissioner's decision in this action.

## *Discussion*

The ALJ found plaintiff has the following "severe" impairments: discogneic and degenerative disorders of the back (Tr. at 22, 32); however, these impairments did not meet or equal the requirements set forth in the Listing of Impairments. (Tr. at 22, 32). He found Lee suffered from depression, but this was a non-severe impairment. (Tr. at 23). The ALJ also concluded that Lee retained the residual functional capacity (RFC) to perform the physical exertional requirements for light work during the relevant period, with the ability to perform his past relevant work as a credit manager. (Tr. at 32-33). Specifically, the ALJ found:

> The claimant, during the period at issue, retained the residual functional capacity to perform light exertional work activity within the following parameters: claimant could lift and/or carry 20 pounds occasionally and 10 pounds frequently; push and/or pull weight consistent with his capacity for lifting and carrying; stand and/or walk (with normal breaks for a total of about six hours in an eight-hour workday[)]; frequently sit for one and one-half hours at a time during an eight-hour workday; occasionally bend, crouch, stoop, and twist; and frequently squat, kneel, and reach (overhead and forward).

(Tr. at 33).

Lee asserts that the ALJ's finding that he had the RFC to perform light work is not

supported by substantial evidence in the record as a whole.  He also argues that the ALJ's decision was improper because the ALJ erred in his credibility determination.  Memorandum in Support of Plaintiff's Motion for Summary Judgment, at 5 (hereinafter "Plaintiff's Brief").

Before discussing each alleged error, the court notes the deferential standard of review applied to these cases.  The court must affirm the Commissioner's decision if substantial evidence appearing in the record as a whole supports the decision.  Cruse v. Bowen, 867 F.2d 1183, 1184 (8th Cir. 1989).  The Commissioner's decision is not subject to reversal simply because the reviewing court would have reached a different conclusion or because substantial evidence also exists which would support a contrary outcome.  Sultan v. Barnhardt, 368 F. 3d 857, 863 (8th Cir. 2004).   If after review the court is capable of drawing two inconsistent positions and one of those positions represents the Commissioner's findings, the decision must be affirmed.  Dixon v. Barnhardt, 353 F.3d 602, 605 (8th Cir. 2003).  Furthermore, a crucial issue in this case in the expiration of claimant's insured status.  Both parties state that Lee's insured status expired on June 30, 2001.  Plaintiff's Brief, at 2; Brief in Support of Defendant's Motion for Summary Judgment, at 2. Thus, Lee must demonstrate that he became disabled on or before that date.  See 20 C.F.R.  § 404.320.  The ALJ concluded:

> [A]lthough the evidence as a whole documents that claimant has realized deterioration in his overall condition and functional capabilities, such evidence does not document and/or support that claimant's condition, at any time on or before June 30, 2001, would have precluded the performance of work activity consistent with his . . . residual functional capacity.

(Tr.  at 29).   While Lee's condition has clearly worsened over time, the court cannot say the ALJ's decision, given the specific time period at issue, is not supported by substantial evidence as a whole.

As the first alleged error, Lee asserts that the ALJ's finding that he had the RFC to

perform light work is not supported by substantial evidence in the record as a whole. Plaintiff's Brief, at 5. Specifically, Lee asserts argues such finding "contradicts the opinion of the vocational expert in response to [the] judge's hypothetical based upon relevant FCE." Plaintiff's Brief, at 5. The court notes the burden continues to lie with the claimant if the ALJ determines that the claimant is capable of performing past relevant work. See Tucker v. Heckler, 776 F.2d 793, 795 (8th Cir. 1985); McCoy v. Schweiker, 683 F.2d 1138, 1146-47 (8th Cir. 1982). Here, the ALJ determined that Lee could perform his past relevant work as a credit manager.[1] Thus, the burden has not shifted, and the VE's testimony was not essential to the ALJ's determination.

Lee most recently worked as a truck driver, which is considered work at the medium level. Following his back injury in November 1999, he did not return to work. He had surgery for a herniated disk in February 2000. (Tr. at 504). The ALJ concluded:

> [T]he veracity of claimant's allegations that he was unable to work at any job on a full-time basis due to pain and limitations during the period at issue is necessarily compromised as claimant never attempted to perform work of a sedentary or light nature subsequent to his alleged disability onset date.

(Tr. at 24). Lee's functional capacity assessment (FCA) performed in July 2000 determined he could perform work at the light level.[2] (Tr. at 172-78). The assessment noted:

> Throughout the test, Ronald had complaints of pain and discomfort, rating

---

[1] The VE first testified that the credit manager position was sedentary work. (Tr. at 515). Later, he classified the position as light work. (Tr. at 516). The inconsistency does not affect this analysis because the ability to do light work generally includes the capacity to perform sedentary work. 20 C.F.R. § 404.1567(b). The ALJ based his decision on light work capability, the higher exertional category.

[2] The court notes that a Lee had a second FCA in September 2003. (Tr. at 455-62). This FCA stated Lee could work at the sedentary level, for 5 hours per day and anticipated a gradual increase to 8 hour work days. (Tr. at 455). However, this assessment was performed after Lee's insured status expired.

>  his pain initially at 6 and increasing it to a level of 9.  However, at no point during this evaluation did he appear to be in any discomfort, as he participated in conversation and was occasionally laughing and joking with other staff during the assessment.

(Tr. at 173).   No doctor restricted Lee from engaging in all work activity during the period at issue.  See Mittlestedt v. Apfel, 204 F.3d 847, 853 (8th Cir. 1993) (a lack of physical restrictions supports a finding of not disabled) (citing Melton v. Apfel, 181 F.3d 939, 941 (8th Cir.1999) (testimony undermined by the lack of significant restrictions placed on claimant's activities by his doctors, among other reasons)).  In fact, his doctors encouraged him to be active and exercise.  (Tr. at 194-95,198, 202, 207, 221).  Multiple providers released Lee to work at sedentary or light work levels.   (Tr. at 187-88, 195, 200, 214, 221, 223,369, 382, 385-86, 390-91, 392-93).  Dr.  John Hutchinson stated that Lee "was unable to return to work as no sedentary or light duty was available."  (Tr.  at 385).  This statement reflects Lee had the capability to work at a lesser exertional level than his previous job as a truck driver.  Lee did not return to work because sedentary/light work was not available with his last employer.

   Warren Haagensen, the vocational expert testified to the following hypothetical posed by the ALJ:

>  [ALJ]:  If we hypothetically take a man 52 to 54 years of age, with education and work experience like the claimant has and . . . .
>  . . . .
>  If the hypothetical person had those, the limitations reflected in that [July 18, 2000] functional capacity assessment, could that person, and any limitations that he had, could that person be expected to perform any of his past relevant work?
> 
>  [VE]:The only past, that describes a capacity for light work and the only occupation he has had to fall within that would be the credit manager position so he could perform that.
>
>   . . . .
>  [ALJ]: If, if our hypothetical person then in addition, because of the limitations reflected in the functional capacity assessment did not have the stamina to keep a

schedule of seven and a half to eight hours a day for five consecutive days, could only work say 55 to 60 percent of those hours and of that schedule, could that person be expected to perform the job of a credit manager competitively?

[VE]: No, he could not. That would require, he may have a little [m]ore leniency in that type of skilled position, but it would still require attendance way beyond that 55 to 60 percent range.

[ALJ]: You couldn't put in your 35 or 40 hours a week when you chose and spread it over seven days a week?

[VE]: That would be, that would be special circumstances that wouldn't be consistent with competitive employment.

[ALJ]: Okay. Well, would there be any jobs to which his skills would transfer to where he could work, say put in the 35-40 hour week, but when he chose to?

[VE]: That would be my opinion there would not.

[ALJ]: No competitive work?

[VE]: No.

[ALJ]: Skilled or unskilled?

[VE]: That would be my opinion.

[ALJ]: At any level of exertion?

[VE]: That's right.

(Tr. at 516-18). Thus, Lee argues that the ALJ should have relied on the VE's response to the final portion of the hypothetical, which assumes that the hypothetical individual cannot consistently work 7-8 hours a day, five days a week. "A hypothetical question, however, need only include impairments that are supported by the record and which the ALJ accepts as valid." McKinney v. Apfel, 228 F.3d 860, 865 (8th Cir. 2000). Here, the ALJ concluded, during the time period at issue, Lee could work full days at the light exertion level, and the record as a whole shows substantial evidence supporting the ALJ's reliance on the first portion of his

hypothetical.

Lee also argues that the ALJ's decision was improper because the ALJ erred in his credibility determination. Plaintiff's Brief, at 5. When evaluating a disability claim based on pain and/or fatigue, an ALJ must consider the claimant's subjective complaints under the standard set forth in Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984). In this case, the ALJ found that during the period at issue Lee's allegations regarding frequency, intensity, and duration of his symptoms were not consistent with the record as a whole. (Tr. at 26). See Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000) (stating ALJ may discount a claimant's subjective complaints of pain if inconsistencies are apparent in the evidence as a whole). While the court has little doubt that plaintiff experiences symptoms from his medical conditions, claimant must still show a related functional loss. See Craig v. Apfel, 212 F.3d 433, 436 (8th Cir. 2000) (stating that simply because working might cause pain or discomfort does not mandate a finding of disability).

The ALJ noted that Lee's daily activities include caring for his personal needs, performing household chores, driving his wife to work, using the computer, reading, and woodworking. (Tr. at 23, 505, 508-11). During the period at issue, Lee also took computer classes (Tr. at 91). Although minimal activities themselves do not constitute substantial evidence that claimant can engage in substantial gainful activity, Harris v. Secretary of Dep't of Health and Human Services, 959 F.2d 723, 726 (8th Cir. 1992), they can be considered in assessing the credibility of the claimant's subjective complaints. Clark v. Shalala, 28 F.3d 828, 831 (8th Cir. 1994). The ALJ stated "[c]laimant was essentially not limited in his socializing with others or other noted activities of daily living." (Tr. at 24). The ALJ concluded that "claimant continued to enjoy a level of activities of daily living through at least June 30, 2001

that is not at all consistent with his allegations of disability due to chronic and disabling pain and limitations." (Tr. at 24). The court finds the ALJ properly assessed claimant's activities in determining his subjective complaints were not entirely credible. Thus, after considering the evidence in the record as a whole, the courts finds the ALJ properly evaluated plaintiff's subjective complaints under Polaski, and his credibility determination is supported by substantial evidence. The court also finds no error with the ALJ's decision not to reopen Lee's previous disability application.

## *Conclusion*

The ALJ properly found that Lee was not "disabled" as defined by the Social Security Act prior to expiration of his insured status. After considering the errors alleged by Lee, the magistrate judge is satisfied that substantial evidence supports the ALJ's findings and conclusions. For the foregoing reasons, **IT IS RECOMMENDED:**

1. Defendant's motion for summary judgment be **GRANTED**. (Doc. #9).

2. Plaintiff's motion for summary judgment be **DENIED**. (Doc. #7).

3. Judgment be entered affirming the decision of the Commissioner.

Pursuant to Local Rule 72.1(E)(4), any party may object to this recommendation on or before September 26, 2006.

Dated this 12th day of September, 2006.

_____
Karen K. Klein
United States Magistrate Judge

8